UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ORTANSA MICHAELESCO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:08-cv-00828 (VLB) |
| UNITED STATES OF AMERICA, | : | |
|     Defendant. | : | August 10, 2009 |

### MEMORANDUM OF DECISION GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. #24]

The defendant, United States of America, moves pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss this action filed by the pro se plaintiff, Ortansa Michaelesco.  Michaelesco moves to amend and to supplement her amended complaint, and to transfer venue to the United States Court of Federal Claims.  For the reasons given below, the United States's motion to dismiss [Doc. #24] is GRANTED and Michaelesco's motions [Docs. #55, 57, 59] are DENIED.

The following factual and procedural history is relevant to the pending motions.  In 2001, Michaelesco filed a Chapter 13 bankruptcy petition, which the bankruptcy court involuntarily converted to a Chapter 7 petition in 2004.  In accordance with that conversion, the Chapter 13 trustee transferred $16,718.95 from the bankruptcy estate to Michaelesco on July 23, 2007.  Michaelesco deposited the money in her accounts at People's United Bank ("bank").  Approximately one week later, on July 31, 2007, the bank sent Michaelesco a letter informing her that the Internal Revenue Service ("IRS") had issued a notice

of levy on her accounts in order to collect tax that she had failed to pay in 2003 and 2004. Having received the IRS notice, the bank withdrew $15,668 from Michaelesco's accounts and notified her that the funds would be sent to the IRS on August 22, 2007. When that date arrived, Michaelesco filed an emergency motion for preliminary injunction with the bankruptcy court, seeking an order prohibiting the IRS from collecting $15,668 from her accounts. The bankruptcy court scheduled a hearing on Michaelesco's motion for October 2, 2007, but she failed to appear on that date. Therefore, the bankruptcy court denied Michaelesco's motion for failure to prosecute. Michaelesco then filed the present case on May 29, 2008, claiming that the IRS had violated the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362, by collecting $15,668 from her accounts. Michaelesco also claimed that she experienced emotional distress as a result of the collection. The United States has filed a motion to dismiss.

     The Court agrees that this case must be dismissed for several reasons. First, the issues that Michaelesco has raised must be considered by the bankruptcy court rather than the district court pursuant to 26 U.S.C. § 7433(e)(1), which provides in relevant part: "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the [IRS] willfully violates any provision of section 362 (relating to automatic stay) . . . of title 11, United States Code . . . such taxpayer may petition the bankruptcy court to recover damages against the United States." Furthermore, 26 U.S.C. § 7433(e)(2)(A) provides in relevant part: "[S]uch petition shall be the exclusive

remedy for recovering damages resulting from such actions."

Second, Michaelesco already raised her issues with the bankruptcy court by filing an emergency motion for preliminary injunction. She then failed to prosecute her motion, so the bankruptcy court denied it. "The doctrine of res judicata bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Esquire Trade & Finance, Inc. v. CBQ, Inc., 562 F.3d 516, 520 (2d Cir. 2009). All four of those elements are satisfied in the present case. The bankruptcy court's denial of Michaelesco's motion for failure to prosecute was "an adjudication on the merits." Fed. R. Civ. P. 41(b). The bankruptcy court had jurisdiction over the matter, the parties were the same, and the issues were the same.

Third, Michaelesco's argument that the IRS violated the automatic stay is substantively incorrect. The automatic stay applies to an action "that was or could have been commenced before the commencement of the [bankruptcy] case"; 11 U.S.C. § 362(a)(1); and to "any act to obtain possession of property of the estate"; 11 U.S.C. § 362(a)(3). As to § 362(a)(1), Michaelesco filed her bankruptcy petition in 2001, but the IRS sought to collect taxes that should have been paid in 2003 and 2004, after the commencement of the bankruptcy case. The involuntary conversion of the case from Chapter 13 to Chapter 7 does not affect the inapplicability of § 362(a)(1) to this case. "The filing of a petition operates as an automatic stay. A conversion order is not the filing of a petition.

A conversion order does not trigger section 362." In re State Airlines, Inc., 873 F.2d 264, 269 (11th Cir. 1989).  As to § 362(a)(3), the IRS levied Michaelesco's accounts after the bankruptcy trustee transferred money from the bankruptcy estate; the IRS did not levy property of the estate.

Michaelesco's emotional distress claims are barred by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq.  The FTCA provides in relevant part that the United States may not be sued for "[a]ny claim arising in respect of the assessment or collection of any tax . . . ."  28 U.S.C. § 2680(c).  See also Aetna Casualty & Surety Co. v. United States, 71 F.3d 475, 478 (2d Cir. 1995) ("We understand the § 2680(c) exception to cover claims arising out of the operation of the government's mechanism for assessing and collecting taxes.").

As to Michaelesco's motions to amend and to supplement her amended complaint, "[a]lthough Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend. . . .  A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).  Because the proposed amendments and supplemental information do not substantively alter the claims already set forth, the Court concludes that the proposals are futile.  Michaelesco's motions to amend and to supplement [Docs. #57, 59] are accordingly DENIED.

As to Michaelesco's motion to transfer venue to the United States Court of Federal Claims in Washington, D.C. pursuant to 28 U.S.C. § 1404(a), such a transfer would be "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." Michaelesco filed that motion nearly one year after filing this case in this Court and after months of extensive briefing regarding the United States's motion to dismiss. Michaelesco has not attempted to show that it would be convenient or in the interest of justice to transfer this case to Washington, D.C. Therefore, her motion to transfer venue [Doc. #55] is DENIED.

The United States's motion to dismiss [Doc. #24] is GRANTED. The Clerk is directed to CLOSE this case.

                IT IS SO ORDERED.

                _____/s/_____
                Vanessa L. Bryant
                United States District Judge

Dated at Hartford, Connecticut: August 10, 2009.